UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>HEDYEH SHOAR,<br>　　　　Defendant. | Case No. 14-cr-00510-VC-2<br><br>**RULINGS ON MOTIONS IN LIMINE**<br>Re: Dkt. Nos. 105, 107, 148 |

This order summarizes in one place the Court's rulings on the parties' motions in limine. As a reminder, a ruling on a motion in limine may be revised at trial. *See City of Pomona v. SQM North America Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

The Government's Motions in Limine (Dkt. No. 105)

1. The Government's Motion in Limine No. 1, asking for an order that the spousal testimony and marital communications privileges will not apply at trial, is denied as moot. The defendant is unaware of any statements that might implicate either privilege.

2. The Government's Motion in Limine No. 2 that the hearsay rules do not preclude admission of the bank statements is granted. The defendant does not oppose the motion.

3. The Government's Motion in Limine No. 3 to sequester witnesses except for the case agent (Viale) and the expert summary witness (Carter) is granted in part and denied in part. The case agent, Viale, shall not be sequestered. But because allowing the expert summary witness to remain in the courtroom during other testimony may influence the expert's testimony, Carter shall be sequestered.

4. The Government's Motion in Limine No. 4 to introduce summary evidence is granted.

    The defendant does not oppose introduction of evidence of summaries of financial transactions nor evidence of summaries of tax records. The defendant may object at trial to evidence of summaries of the accounting records maintained by MTO.

5. The Government's Motion in Limine No. 5 to prohibit the defense from raising non-disclosed affirmative defenses is granted. The defense shall not argue duress, or other non-noticed affirmative defenses, to the jury.
6. The Government's Motion in Limine No. 6 to preclude any discussion of punishment is granted.
7. The Government's Motion in Limine No. 7 precluding the defendant from introducing her own prior statements by any means other than direct testimony is granted. The defendant does not oppose the motion.
8. The Government's Motion in Limine No. 8 allowing the government to introduce the defendant's prior statements is granted. The defendant does not oppose the motion.
9. The Government's Motion in Limine No. 9 to admit the statements of the defendant's ex-husband as her co-conspirator is conditionally granted. Should the government prove unable to muster evidence during its case-in-chief that the statements qualify under the hearsay rules, the statements may be struck.
10. The Government's Motion in Limine No. 10 to admit its proposed translations is granted with one exception, as the defendant has stipulated to every translation except for the letter. As discussed with the parties, the government may introduce its proposed translation of the letter and the defendant may introduce evidence contradicting the government's translation.

Shoar's Motions in Limine (Dkt. No. 107, 148)

1. Shoar's Motion in Limine to exclude the statements of the defendant's ex-husband is conditionally denied, in line with the ruling above on the government's Motion in Limine No. 9.
2. Shoar's Motion in Limine requiring the admission of additional portions of the her past

statements under the rule of completeness is granted in part and denied in part. As discussed more fully at the hearing, there is confusion in the case law about how to apply Federal Rule of Evidence 106 in a criminal case where the government is offering prior statements of the defendant and the defendant wants the jury to hear additional portions of the statement for the sake of completeness. The best application of Rule 106, in the Court's view, is that a defendant may not seek to introduce additional portions of their prior statements in their own case (because that would involve the introduction of hearsay statements) but they may, consistent with the language of Rule 106, "require the introduction" by the government of portions of a statement that are necessary to prevent the statements proffered by the government from being misleading. And when the statements are introduced by the government, they are not hearsay, because they are statements of a party opponent. But in any event, to the extent that the case law applying Rule 106 is inconsistent with the preceding analysis, under Rule 403 the Court will not permit the government to offer excerpts of prior statements by the defendant that would be misleading if not placed in the context of other portions of the statement. When the government seeks to introduce misleading excerpts, a proper application of Rule 403 requires the government to choose between offering the more complete version of the statement (to prevent it from misleading the jury) or foregoing introduction of the statement altogether. The Court, applying this approach, ruled on most of the disputes at the hearing on December 3, 2021, identifying the statements for which the government must choose between offering a more complete version or not offering the statement at all. The Court deferred ruling on two excerpts, and now rules on them here: (1) for the statements designated by the government on pages 64–66 of the prior transcript (Dkt. No. 149 at 12–14), the government must either include page 64, line 9 through page 65, line 15 or forego offering the statements; and (2) for the statements designated by the government on pages 1637–39 of the prior transcript (Dkt. No. 149 at 18–20), the government must either include page 1638, line 28 to page 1639, line 8 or forego offering

the statements. The government need not include the remaining portions of these statements requested by the defendant at the hearing.

**IT IS SO ORDERED.**

Dated: December 6, 2021

_____

VINCE CHHABRIA
United States District Judge